1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

ALMA CARRILLO,

        Plaintiff,

  v.

TARGET CORPORATION, a Minnesota
Corporation, and DOES 1 through 50,
inclusive,

        Defendants.

_____/

No. C 17-05693 WHA

**ORDER GRANTING MOTION
TO VOLUNTARILY DISMISS
AND TO PAY ATTORNEY'S
FEES**

## INTRODUCTION

In this negligence action, plaintiff seeks an order voluntarily dismissing her complaint without prejudice pursuant to FRCP 41(a)(2). Defendant opposes. For the following reasons, plaintiff's motion is **GRANTED**, subject to the condition that certain attorney's fees be reimbursed.

## STATEMENT

In July 2017, plaintiff Alma Carrillo filed a complaint for negligence against defendant Target Corporation in Alameda County Superior Court. Defendant answered the complaint in August, and on October 3 removed the action based on diversity jurisdiction. On October 23, plaintiff filed a second action in Alameda County Superior Court. Like the instant action, plaintiff's October complaint alleged a single claim for negligence against defendant Target. Unlike the instant action, however, the October complaint also named Zain Jafri, a California

resident and employee of Target, as an individual defendant (Van Der Putten Decl. Exhs. A-C, F).

Plaintiff requested that the parties stipulate to dismissal of this action in light of her filing of the October complaint in state court. Defendant, however, declined plaintiff's request, contending that Jafri's addition as a defendant was a sham meant solely to defeat diversity jurisdiction over this action (DiRocco Decl. Exhs. 3, 4).

Plaintiff now moves to voluntarily dismiss this action without prejudice pursuant to FRCP 41(a)(2). Defendant opposes, arguing that if the action is dismissed, such dismissal should be with prejudice and plaintiff should be required to pay defendant's attorney's fees and costs.

## ANALYSIS

FRCP 41(a)(2) provides, in pertinent part, that "[e]xcept as provided in [FRCP 41(a)(1)], an action shall not be dismissed at the plaintiff's instance save upon order of the court and upon such terms and conditions as the court deems proper." The Court makes three determinations when resolving a motion for voluntary dismissal under FRCP 41(a)(2): (1) whether to allow dismissal; (2) whether the dismissal should be with or without prejudice; and (3) what terms and conditions, if any, should be imposed. *Williams v. Peralta Community College Dist.*, 227 F.R.D. 538, 539 (N.D. Cal. 2005) (Judge Edward Chen). The court considers these questions in turn.

### 1. DISMISSAL OF THE INSTANT ACTION IS PROPER.

"A district court should grant a motion for voluntary dismissal under Rule 41(a)(2) unless a defendant can show that it will suffer some plain legal prejudice as a result." *Smith v. Lenches*, 263 F.3d 972, 975 (9th Cir. 2001). "[L]egal prejudice means prejudice to some legal interest, some legal claim, some legal argument." *Id.* at 976 (citations and quotations omitted). Plain legal prejudice does not result "merely because the defendant will be inconvenienced by having to defend in another forum or where a plaintiff would gain a tactical advantage by that dismissal." *Ibid.*

Defendant's assertion of legal prejudice in this case does not warrant denial of the motion. Defendant first contends that it will be prejudiced because dismissal would result in loss of a federal forum (Opp. at 5). Binding authority makes clear, however, that "while a change from federal to state court might create a tactical disadvantage to [defendant], that [is] not legal prejudice." *Zanowick v. Baxter Healthcare Corp.*, 850 F.3d 1090, 1093 n.2 (9th Cir. 2017); *Lenches*, 263 F.3d at 976. *Zanowick* is on point. There, defendants removed an action to federal court on diversity grounds. *Zanowick*, 850 F.3d at 1092. Later in the proceedings, plaintiffs filed a new state court action alleging the same claims against the same defendants, plus an additional defendant that arguably precluded diversity jurisdiction. *Ibid.* Plaintiff later moved to voluntarily dismiss the federal action without prejudice under FRCP 41(a)(2), which the court granted. *Id.* at 1093. In upholding the dismissal, our court of appeals explicitly rejected defendant's argument that the loss of a federal forum constituted legal prejudice. *Id.* at 1093 n.2.

While our court of appeals has noted in dicta that loss of a federal forum is one of multiple factors considered by *other* circuit courts in determining legal prejudice, *see Westlands Water District v. United States*, 100 F.3d at 94, 97 (9th Cir. 1996), defendant cites no binding authority in which loss of a federal forum necessitated denial of a FRCP 41(a)(2) motion. Rather, defendant primarily relies on a non-binding decision which upheld the denial of a motion to dismiss pursuant to FRCP 41(a)(2) and summarily noted that the defendant would have been denied a federal forum had the motion been granted. *Central Montana Rail v. BNSF Ry. Co.*, 422 Fed. Appx. 636, 638 (9th Cir. 2011). Critical to *Central Mountain*'s conclusion, however, was the plaintiff's inexplicable delay in seeking to dismiss the action after nearly four years of litigation. *Central Montana Rail*, 422 Fed. Appx. at 638. By contrast, here, plaintiff sought a voluntary dismissal within three months of filing her complaint. Accordingly, even if it were the case that granting plaintiff's motion would allow her to prosecute her negligence claim against defendant in state court without the possibility of removal, this alone is not a sufficient basis for denying the motion.

Defendant next asserts that it would be prejudiced by dismissal because plaintiff's conduct amounts to impermissible forum shopping (Opp. at 5). A motion for voluntary dismissal should be denied if it is based on impermissible forum-shopping, which may be shown if the plaintiff s justification for the motion is baseless. *Kern Oil & Ref. Co. v. Tenneco Oil Co.,* 792 F.2d 1380, 1389 (9th Cir. 1986). Here, however, defendant has not demonstrated that plaintiff engaged in blatant forum shopping warranting denial of the motion. Although plaintiff failed to identify Jafri as a defendant until after removal of this action, plaintiff submitted evidence demonstrating that Jafri's identity remained unknown to plaintiff due, in part, to defendant's failure to provide such information in response to plaintiff's requests shortly after the April 2016 incident (DiRocco Decl. ¶ 3). In addition, plaintiff's request for a voluntary dismissal appears to be motivated by her desire to consolidate her related claims before a single judge and avoid duplicative litigation in two separate forums (Br. at 9).

Finally, defendant argues that plaintiff's addition of Jafri to the October complaint was baseless because Jafri's alleged conduct was at most a breach of duty owed to his employer, not a breach of any duty owed to plaintiff (Opp. at 6-7). It is premature, however, to assess a pleading that is not currently before us. If defendant elects to remove the October complaint on the theory that Jafri's addition as a defendant is a sham to defeat diversity jurisdiction, then defendant's argument will be addressed at that juncture. For these reasons, dismissal of the action is warranted.

**2.      DISMISSAL WITHOUT PREJUDICE IS APPROPRIATE.**

Defendant, without elaboration or explanation, contends that if the court were to dismiss this action, the dismissal should be with prejudice (Opp. at 7). Unless otherwise specified, dismissal pursuant to FRCP 41(a)(2) is without prejudice. It is, however, within a court's discretion to dismiss with prejudice, and dismissal with prejudice is appropriate if it would be inequitable or prejudicial to the defendant to allow the plaintiff to re-file the action. Factors to be considered include: "(1) the defendant's effort and expense in preparing for trial, (2) excessive delay and lack of diligence on the part of the plaintiff in prosecuting the actions, and (3) insufficient explanation of the need to take a dismissal." *Williams*, 227 F.R.D. at 540.

In the instant case, these factors support dismissal without prejudice. *First*, the lack of effort and expense in preparing for trial strongly supports dismissal without prejudice. This action is at a very early stage and minimal expenses have therefore been incurred. The request for voluntary dismissal came approximately three months after the complaint was filed. With the exception of the instant motion, no motion practice has ensued. *Second,* there is no evidence of delay or a lack of diligence. Plaintiff promptly moved to dismiss this action after her filing of the October complaint. *Third*, as discussed above, plaintiff appears to be motivated by the desire to have all of her related claims heard by a single judge and to avoid duplicative litigation in two separate fora (Br. at 9). Accordingly, this order finds that dismissal without prejudice is appropriate.

**3.    AN AWARD OF COSTS IS APPROPRIATE.**

Finally, defendant requests that it be awarded costs and attorney's fees for work performed in this action that cannot be used in any further legal proceedings between the parties (Opp. at 7). On granting a dismissal without prejudice, the court may condition the dismissal on the plaintiff's payment of costs and attorney's fees. *Westlands Water Dist. v. United States*, 100 F.3d 94, 97 (9th Cir. 1996). Defendant should only be awarded attorney's fees for work which cannot be used in any future litigation on plaintiff's claim. *Ibid.* Here, defendant has identified $5,338.89 in duplicative costs and fees resulting from plaintiff's filing of a substantially similar action in state court (Van Der Putten Decl. ¶¶ 10-12). Conditioning plaintiff's voluntary dismissal upon her payment of $5,000 is therefore appropriate.

CONCLUSION

For the foregoing reasons, the action is **DISMISSED WITHOUT PREJUDICE**. Defendant's request for attorney's fees and costs is **GRANTED** to the extent of $5,000.

**IT IS SO ORDERED.**

Dated: December 19, 2017.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE