1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

ALMA CARRILLO,

                    Plaintiff,

            v.

TARGET CORPORATION, a Minnesota
Corporation, and DOES 1 through 50,
inclusive,

                    Defendants.

_____/

No. C 17-05693 WHA

**ORDER RE PAYMENT OF
ATTORNEY'S FEES AND
GRANTING MOTION FOR
LEAVE TO WITHDRAW AS
COUNSEL**

**INTRODUCTION**

        In this negligence action, plaintiff's counsel moves for leave to withdraw as counsel of

record. No opposition has been filed. For the following reasons, the motion is **GRANTED**.

**STATEMENT**

        In July 2017, plaintiff Alma Carrillo filed a complaint for negligence against defendant

Target Corporation in Alameda County Superior Court. Defendant removed the action and

plaintiff subsequently moved to voluntarily dismiss pursuant to FRCP 41(a)(2). A December

2017 order granted plaintiff's motion but conditioned dismissal on plaintiff's payment of $5,000

in attorney's fees to defendant (Dkt. Nos. 1, 11, 17).

        Due to an administrative snafu, the action was closed by courthouse staff prior to

plaintiff's payment of the $5,000 in defense attorney's fees. After defendant filed a notice

explaining that plaintiff had not paid as set forth in the December 2017 order, a subsequent

1    order vacated the dismissal.  The order also directed plaintiff to show cause why she had failed

2    to pay defendant $5,000 as directed (Dkt. No. 19).

3            In responding to the order to show cause, plaintiff's counsel, Albert DiRocco, explained

4    that plaintiff had not authorized the payment of attorney's fees to defendant.  Attorney DiRocco

5    also explained that he and plaintiff had encountered irreconcilable differences with respect to

6    the litigation.  He had accordingly sought to file a motion to withdraw as counsel and personally

7    served the motion on plaintiff, but stated that he could not file the motion because the action

8    had been dismissed.  Now that the case has been reopened, Attorney DiRocco moves to

9    withdraw as counsel (Dkt. Nos. 20–21).

10           This order follows full briefing and oral argument.  Plaintiff personally appeared at the

11   April 5 hearing with the assistance of a Spanish-language interpreter.[1]

**ANALYSIS**

13   **1.     ORDER TO SHOW CAUSE.**

14           In responding to the order to show cause, Attorney DiRocco explained that plaintiff had

15   not authorized the payment of attorney's fees to defendant as set forth in the December 2017

16   order.  He concurrently filed a motion to withdraw as counsel in this action.  In light of

17   plaintiff's response to the order to show cause and defendant's failure to oppose the motion to

18   withdraw as counsel, a subsequent order asked defendant to advise whether it believed further

19   action should be taken regarding plaintiff's failure to pay attorney's fees.  In response,

20   defendant stated its view that plaintiff should be sanctioned because her non-payment amounted

21   to a failure to comply with the December 2017 order (Dkt. Nos. 19–24).

22           Plaintiff's failure to pay attorney's fees does not warrant sanctions.  The December 2017

23   order granted plaintiff's motion to voluntarily dismiss the action *subject to* the condition that

24   certain defense attorney's fees be reimbursed (Dkt. No. 17).  Plaintiff's non-payment of

25   attorney's fees was accordingly not in contravention of the December 2017 order.  Moreover, at

26   the hearing on Attorney DiRocco's motion to withdraw, plaintiff explained that she wanted to

27

28           [1]  The Court thanks Attorney DiRocco for covering the cost of the interpreter's assistance at the April 5 hearing.

proceed to litigate her case against defendant. Because plaintiff has elected to continue with this action, her motion to dismiss is **DEEMED WITHDRAWN**. The condition that plaintiff pay defense attorney's fees is accordingly moot and plaintiff need not pay defendant $5,000 (either now or as a lien against any favorable judgment plaintiff may obtain in this action). This order supercedes any comments made by the undersigned judge at the April 5 hearing.

### 2. MOTION TO WITHDRAW AS COUNSEL.

An attorney may not withdraw as counsel except by leave of court. Permission to withdraw is discretionary. *United States v. Carter*, 560 F.3d 1107, 1113 (9th Cir. 2009). In ruling on a motion to withdraw, courts have considered (1) the reasons why withdrawal is sought, (2) the prejudice withdrawal may cause to other litigants, (3) the harm withdrawal might cause to the administration of justice, and (4) the degree to which withdrawal will delay the resolution of the case. *Das v. WMC Mortg. Corp.*, No. 10-cv-00650, 2011 WL 13239055, at *1 (N.D. Cal. Oct. 14, 2011) (Judge Lucy Koh).

Attorneys seeking to withdraw must also "comply with the standards of professional conduct required of members of the State Bar of California." Civil L.R. 11-4(a)(1). The California Rules of Professional Conduct set forth various circumstances under which withdrawal may be appropriate. For example, counsel may seek to withdraw if the client "renders it unreasonably difficult for the member to carry out the employment effectively." Cal. R. Prof. Conduct 3-700(C)(1). Alternatively, under Rule 3-700(C)(6), counsel may request to withdraw if counsel "believes in good faith, in a proceeding pending before a tribunal, that the tribunal will find the existence of other good cause for withdrawal."

As grounds for withdrawal, Attorney DiRocco explained that irreconcilable differences of opinion have arisen as to "certain significant issues and disputes" related to this action. At the hearing on the motion to withdraw, the undersigned judge held an *in camera* conference with plaintiff and Attorney DiRocco in which Attorney DiRocco elaborated on the reasons for his request to withdraw as counsel. In light of the information conveyed during the *in camera* hearing, this order finds that irreconcilable differences exist between plaintiff and counsel such

that there is good cause justifying Attorney DiRocco and the Lalezary Law Firm's withdrawal from this case. The motion to withdraw as plaintiff's counsel is accordingly **GRANTED**.[2]

## CONCLUSION

For the foregoing reasons, the motion to withdraw as counsel is **GRANTED**. Plaintiff shall proceed with this case *pro se* in accordance with the case management order issued in this action.

**IT IS SO ORDERED.**

Dated: April 6, 2018.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

United States District Court

For the Northern District of California

---

[2] After the *in camera* conference concluded and the undersigned judge indicated the motion to withdraw would be granted, Attorney DiRocco agreed to convene with plaintiff and defense counsel in an attempt to fully resolve this action. The hearing was adjourned for approximately thirty minutes to see whether the parties could reach a resolution. When the hearing resumed, however, plaintiff indicated her desire to proceed with the case and not settle her claims.