IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALMA CARRILLO,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>TARGET CORPORATION, a Minnesota Corporation, and DOES 1 through 50, inclusive,<br><br>　　　　Defendants.<br>　　　　　　　　　　　　　　　　　／ | No. C 17-05693 WHA<br><br>**ORDER RE MOTION FOR SUMMARY JUDGMENT** |

## INTRODUCTION

In this negligence action, defendant moves for summary judgment on plaintiff's claim. For the following reasons, defendant's motion is **GRANTED**.

## STATEMENT

In April 2016, while shopping at defendant Target Corporation's store in Hayward, California, plaintiff Alma Carrillo reached for shampoo located on a nearby shelf. As plaintiff reached for the shampoo, she slipped on a thick, white substance on the floor that appeared to be spilled shampoo. Plaintiff did not observe any warning signs in the aisle prior to her fall. Plaintiff did not know how the substance got on the floor, how long the substance was on the floor prior to her fall, or when defendant's employees had last inspected the aisle (Carillo Dep. at 41:12–49:9).

Plaintiff, originally represented by counsel, filed a complaint for negligence against defendant in Alameda County Superior Court. Defendant answered the complaint in August 2017. In September 2017, plaintiff served a "statement of damages" which claimed $5,000,000 in general damages, $85,493 in medical expenses, and $25,200 in lost earnings, after which defendant timely removed the action based on diversity jurisdiction. In April 2018, plaintiff's counsel withdrew and plaintiff has since proceeded in this action *pro se*. Plaintiff failed to take any discovery in this action. Plaintiff also failed to serve initial disclosures or designate any experts. Defendant now moves for summary judgment on plaintiff's sole claim for negligence (Dkt. Nos. 1, 29, 30, 32). Although she was given an opportunity to oppose the motion, plaintiff has not done so. This order also follows oral argument.[1]

**ANALYSIS**

Summary judgment is proper where the pleadings, discovery, and affidavits show that there is "no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FRCP 56(a). Material facts are those which may affect the outcome of the case. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). Although the mere fact that no opposition is filed does not excuse the moving party from meeting its burden on the summary-judgment motion, if no factual showing is made in opposition, the district court is not required to search the record *sua sponte* for some genuine issue of material fact. It may rely entirely on the evidence designated by the moving party showing no such triable issue. *Carmen v. San Francisco Unified School Dist.*, 237 F.3d 1026, 1029–30 (9th Cir. 2001).

To establish negligence under California law, plaintiff must show: (1) a legal duty to use due care; (2) a breach of that duty; and (3) that the breach as the proximate or legal cause of the resulting injury. *Conroy v. Regents of Univ. of Cal.*, 45 Cal.4th 1244, 1250 (2009). In the context of premises liability, "the owner's actual or constructive knowledge of the dangerous condition is a key to establishing its liability." *Ortega v. Kmart Corp.*, 26 Cal.4th 1200, 1206 (2001). The plaintiff has the burden of proving this knowledge. *Ibid*. However, "[t]he plaintiff

---

[1] At the hearing on defendant's motion for summary judgment, the undersigned judge *sua sponte* raised the issue of subject-matter jurisdiction. Having reviewed defendant's removal papers, this order concludes that the amount-in-controversy requirement is met.

need not show actual knowledge where evidence suggests that the dangerous condition was present for a sufficient period of time to charge the owner with constructive knowledge of its existence," rather, "[w]hether a dangerous condition has existed long enough for a reasonably prudent person to have discovered it is a question of fact for the jury." *Id*. at 1206–07.

Here, there is no evidence in the record to show that defendant had actual or constructive knowledge of the spilled shampoo. The record is silent as to whether or not defendant knew of the spill, how the spill occurred, the amount of time the spill existed on the floor prior to plaintiff's fall, or the timing and scope of defendant's inspections of the store's aisles. Moreover, because plaintiff failed to take any discovery from defendant or make any disclosures, she will be unable to present such evidence. Defendant is therefore entitled to summary judgment on plaintiff's negligence claim based on the absence of evidence that defendant had actual or constructive knowledge of the spill.

## CONCLUSION

For the reasons stated, defendant's motion for summary judgment is **GRANTED**. Judgment will be entered separately.

**IT IS SO ORDERED.**

Dated: January 15, 2019.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

3